**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

CARY HENDRICK, BRYAN MANNING, and
RYAN WILLIAMS,
Homeless individuals residing in the City of
Roanoke,

  and

RICHARD DECKERHOFF and RICHARD
EUGENE WALLS,
Homeless individuals residing in the City of
Richmond,

Individually, and on behalf of all others
similarly situated,

     *Plaintiffs,*

v.

DONALD CALDWELL,
Commonwealth's Attorney for the City of
Roanoke,
315 Church Avenue SW
Roanoke, VA 24016,

  and

MICHAEL HERRING,
Commonwealth's Attorney for the City of
Richmond,
400 N 9th St., Room 100
Richmond, VA 23219,

Individually in their official capacity, and on
behalf of all other Commonwealth's Attorneys
similarly situated,

     *Defendants.*

**COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF**

**CLASS ACTION**

Civil Action File No.:_7:16-CV-0095_

1

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## PRELIMINARY STATEMENT

1.      Defendants are prosecutors who use the Commonwealth of Virginia's "Interdiction Statute" (Va. Code §§ 4.1-305, 4.1-322, and 4.1-333) to brand homeless alcoholics as "habitual drunkards" and prosecute and incarcerate them merely for possessing or consuming alcohol.  The Interdiction Statute, as Defendants have applied it to homeless alcoholics, is unconstitutional and punishes Plaintiffs for suffering from alcoholism—a disease.  The named Plaintiffs, homeless alcoholics who have suffered unconstitutional deprivations of their liberty at Defendants' hands, bring this class action on their own behalf and on behalf of all individuals who have been, or are at risk of being, "interdicted" while being homeless and suffering from alcohol use disorder.

2.      Defendants have used quasi-criminal proceedings, without affording the named Plaintiffs the right to counsel, to obtain orders of interdiction prohibiting the possession or consumption of alcohol by these individuals on the grounds that each individual has "shown himself to be a habitual drunkard" under the Interdiction Statute.

3.      Under the Interdiction Statute it is a crime for interdicted persons to (1) possess, consume or purchase alcohol; (2) attempt to possess, consume or purchase alcohol; or (3) be drunk in public, and violations are punishable by up to one year in jail and/or a $2,500 fine.

4.      In contrast, it is not a crime for a person who is not interdicted to possess, consume or purchase alcohol.  Additionally, a person who is not interdicted but is convicted of public intoxication is subject to a maximum penalty of $250, which does not carry the possibility of incarceration.

5. As a result of their homelessness, Plaintiffs frequently have no choice but to remain in public places for extended periods of time.

6. Plaintiffs' homelessness exacerbates alcohol use disorder, making long-term alcohol abstention nearly impossible.

7. Once branded a "habitual drunkard" in an interdiction hearing, individuals suffering from alcohol use disorder ("alcoholics") who are homeless remain under constant threat of arrest, jail time and/or fines for possession or consumption of alcohol.

8. Defendants have used the Interdiction Statute to repeatedly arrest and jail homeless alcoholics for possession of alcohol, including constructive possession for being in proximity to open containers of alcohol or smelling of alcohol. This effectively criminalizes alcohol use disorder—a disease—for homeless individuals.

9. The plaintiff class of homeless alcoholics contend that the Interdiction Statute is unconstitutional as applied to Plaintiffs for criminalizing actual or attempted possession, consumption or purchases of alcohol.

10. As applied, the Interdiction Statute violates Plaintiffs' right to due process, equal protection and the right to be free from cruel and unusual punishment under the United States and Virginia Constitutions.

11. Plaintiffs do not challenge the constitutionality of the Interdiction Statute, as applied to Plaintiffs, to the extent that the Interdiction Statute prohibits interdicted persons from being drunk in public or prohibits a person from selling alcohol to an interdicted person.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the U.S. Constitution and laws of the United States,

3

Case 7:16-cv-00095-GEC   Document 1   Filed 03/03/16   Page 3 of 31   Pageid#: 3

including 42 U.S.C. §§ 1983 and 1988, and pursuant to 28 U.S.C. § 1343 because this action seeks to redress the deprivation, under color of state law, of Plaintiffs' civil rights and to secure equitable or other relief for the violation of those rights.

13.     This Court has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. P. 57.

14.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants are subject to personal jurisdiction within the Commonwealth of Virginia, one of the defendants works in his official capacity in this judicial district, and because a substantial part of the events, acts and/or omissions giving rise to the named Plaintiffs' claims occurred in this judicial district.

## STATEMENT OF FACTS

### The Interdiction Statute

15.     Va. Code § 4.1-333(A) states:

When after a hearing upon due notice it appears to the satisfaction of the circuit court of any county or city that any person, residing within such county or city, has been convicted of driving any automobile, truck, motorcycle, engine or train while intoxicated or has shown himself to be an habitual drunkard, the court may enter an order of interdiction prohibiting the sale of alcoholic beverages to such person until further ordered. The court entering any such order shall file a copy of the order with the Board.

16.     Va. Code §§ 4.1-304 and 4.1-305 provide that it a Class 1 misdemeanor for a person interdicted under § 4.1-333 to "consume, purchase or possess, or attempt to consume, purchase or possess, any alcoholic beverage."

17.     Va. Code § 4.1-322 states:

No person who has been interdicted pursuant to § 4.1-333 or § 4.1-334 shall possess any alcoholic beverages, except those acquired in accordance with subdivisions 1 through 5 of § 4.1-200, nor be drunk in public in violation of § 18.2-388. Any interdicted person found to be in violation of this section shall be guilty of a Class 1 misdemeanor.

4

18. Pursuant to Va. Code § 18.2-11(a), the punishment for conviction of a Class 1 misdemeanor is "confinement in jail for not more than twelve months and a fine of not more than $2,500, either or both."

19. Commonwealth's Attorneys, who are normally charged with prosecuting criminal matters, have interdicted the named Plaintiffs, who are homeless alcoholics, and others under Va. Code § 4.1-333. Plaintiffs' interdiction under Va. Code § 4.1-333 creates a new crime, codified at Va. Code §§ 4.1-305 and 4.1-322, prohibiting "habitual drunkards" who have been interdicted from mere possession, consumption or the purchase of alcohol. Though such conduct is punishable by up to twelve months in jail, a hearing to impose an order of interdiction for a person found to be a "habitual drunkard" under Va. Code § 4.1-333 is a civil proceeding. As a result, Plaintiffs in these interdiction proceedings did not receive the due process rights associated with criminal cases and with cases in which there is a strong liberty interest at stake. Named Plaintiffs did not have the right to counsel or to trial by jury, and many were interdicted in absentia.

20. The named Plaintiffs were not represented by counsel in the interdiction hearings.

21. As of August 2015, there were 4,743 convictions of interdicted persons pursuant to Va. Code 4.1-322 in the Commonwealth over the previous ten years.

**Plaintiffs are Homeless**

22. Plaintiffs lack a fixed, regular, and adequate nighttime residence and are therefore homeless. Plaintiffs are individuals (1) whose primary nighttime residence is a public or private place not designed for, or ordinarily used as, a regular sleeping accommodation for human beings, (2) whose primary night time residence is a temporary living arrangement in a supervised

5

publicly or privately operated shelter, or (3) who will imminently lose their primary nighttime residence.

## Plaintiffs Suffer from Alcohol Use Disorder

23.     Plaintiffs suffer from alcohol use disorder, commonly referred to as alcoholism, and have been unable to maintain sobriety, though many of them have attempted to undergo treatment.

24.     Alcoholism is an addiction.

25.     Plaintiffs suffer from alcohol addiction, which is a chronic disease of the brain. As a result, Plaintiffs pathologically pursue alcohol use.  Like other chronic diseases, addiction often involves cycles of relapse and remission. As addicts, Plaintiffs have a profound drive or craving to use alcohol, which is a compulsive or non-volitional aspect of addiction.

26.     Homelessness exacerbates alcohol addiction, thereby making long-term alcohol abstention nearly impossible.

27.     Nevertheless, police routinely arrest—and Commonwealth's Attorneys often prosecute—Plaintiffs under the Interdiction Statute even though only a remote likelihood exists that a homeless alcoholic will achieve lasting sobriety.  Plaintiffs' compulsion to consume alcohol over time is largely uncontrollable and inevitable.

## Interdiction and Prosecution of Plaintiffs

28.     Once interdicted, Plaintiffs are subject to arrest and prosecution under Va. Code §§ 4.1-305 or 4.1-322 for alcohol possession or consumption, whether or not Plaintiffs are intoxicated, disruptive or disorderly.

6

29.     Plaintiffs also are subject to incarceration for constructive possession of alcohol. For example, some Plaintiffs have been arrested for sitting near open containers and/or having a detectable odor of alcohol on or near their person.

30.     An order of interdiction publicly labels each Plaintiff as a "habitual drunkard," which thereafter criminalizes possession and consumption of alcohol, activities that are otherwise lawful.

31.     Plaintiffs experience stigmatic injury as a result of being labeled "habitual drunkards."

32.     The Interdiction Statute provides no definition as to what constitutes a "habitual drunkard."

33.     Virginia law provides no clear standards or procedures for removing the "habitual drunkard" label under the Interdiction Statute.   Thus, once interdicted, a person often carries the label of "habitual drunkard" for life.

## Homelessness and Alcohol Use in Virginia

34.     Nationally, 15 to 25% of homeless individuals suffer from substance abuse dependency.[1]

35.     As of 2014, a HUD point-in-time census determined that there were 7,020 countable homeless individuals in Virginia; 1,207 of these individuals suffer from chronic

---

[1] The National Institute on Drug Abuse defines "dependence" as a state that "develops when the neurons adapt to the repeated drug exposure and only function normally in the presence of the drug. When the drug is withdrawn, several physiologic reactions occur. These can be mild (*e.g.*, for caffeine) or even life threatening (*e.g.*, for alcohol)." *Definition of Dependence*, NAT'L INST. ON DRUG ABUSE, *available at* http://www.drugabuse.gov/publications/teaching-packets/ neurobiology-drug-addiction/section-iii-action-heroin-morphine/8-definition-dependence (last visited Mar. 1, 2016).

substance abuse dependency.  A significant portion of those suffering from chronic substance abuse dependency suffer from alcohol use disorder.

36.    In Roanoke's 2015 point-in-time census, there were 390 homeless people in the City of Roanoke and surrounding areas, of which 23% reported previously receiving treatment for alcohol dependency. According to point-in-time data provided to HUD by Continuums of Care, there were 846 homeless people in the City of Richmond and surrounding areas, of which 32.6% reported having a problem with "chronic substance abuse."

37.    Additional homeless individuals in Virginia were not accounted for at the time of HUD's point-in-time census because they were incarcerated or their location was unknown.

38.    In Richmond City and surrounding Henrico County, an estimated 4,440 homeless individuals used emergency shelters, transitional housing, or permanent supportive housing programs during the twelve-month period between October 1, 2013 and September 30, 2014.

39.    In Roanoke City and surrounding areas, an estimated 1,854 homeless individuals used emergency shelters, transitional housing or permanent supportive housing programs during the twelve-month period between July 1, 2014 and June 30, 2015.

**PARTIES**

**Named Plaintiffs/Class Representatives**

40.    Plaintiff **Cary Hendrick** was interdicted on January 4, 2016, in the Circuit Court for the City of Roanoke. On this date Mr. Hendrick, who is indigent, was present and requested court-appointed counsel.  The court denied his request.

41.    The order interdicting Mr. Hendrick makes it a crime for him to possess, consume or purchase alcohol in the Commonwealth of Virginia until the Circuit Court for the City of Roanoke "alters, amends or cancels" the order.

8

42. Mr. Hendrick is both homeless and suffers from alcohol use disorder.

43. Mr. Hendrick's homelessness exacerbates his alcohol addiction and makes it nearly impossible for him to cease or mitigate his alcohol consumption.

44. Mr. Hendrick, age 46, is a homeless individual residing in the City of Roanoke, Virginia and within the Roanoke Division of the Western District of Virginia.

45. Currently, Mr. Hendrick is temporarily incarcerated on unrelated charges. Immediately prior to incarceration, Mr. Hendrick spent his nights at a boarding house or staying with friends. He previously has stayed at shelters or outside.

46. Mr. Hendrick has participated in alcohol treatment programs, but he has been unable to maintain his sobriety.

47. Mr. Hendrick suffers physical withdrawal symptoms such as seizures if he does not have access to alcohol. He currently takes medication to prevent seizures while he is incarcerated and lacks access to alcohol.

48. Mr. Hendrick feels stigmatized by the label "habitual drunkard."

49. Plaintiff **Bryan Manning** was interdicted on October 5, 2010, in the Circuit Court for the City of Roanoke. On this date neither Mr. Manning nor counsel on behalf of Mr. Manning were present for the hearing. Mr. Manning, who is indigent, was not offered access to an attorney prior to the interdiction hearing.

50. The order interdicting Mr. Manning makes it a crime for him to possess, consume or purchase alcohol in the Commonwealth of Virginia until the Circuit Court for the City of Roanoke "alters, amends or cancels" the order.

51. Since his interdiction, Mr. Manning has been arrested and prosecuted over thirty times under the Interdiction Statute.

9

52.     Mr. Manning has been arrested under the Interdiction Statute for smelling like alcohol, despite not having consumed alcohol since the previous evening.  Mr. Manning also has been arrested for possessing alcohol because he was in a Walmart store where alcohol was sold, despite not having alcohol on his person and the police not having any evidence that he consumed alcohol.

53.     Mr. Manning is both homeless and suffers from alcohol use disorder.

54.     Mr. Manning, age 50, is a homeless individual residing in the City of Roanoke, Virginia and within the Roanoke Division of the Western District of Virginia.

55.     In 1993 Mr. Manning was injured in an automobile crash, and in 1994 he suffered a stroke.  He is disabled and experiences constant pain.

56.     Mr. Manning also suffers from depression, panic attacks, and social anxiety disorder.  Due to his disorder, he cannot go to public places with large groups of people without first consuming alcohol.

57.     Six of his family members have committed suicide, including two of his siblings, both of his paternal grandparents, and two maternal uncles. Mr. Manning's wife left him in 2002, at which point Mr. Manning's drinking became chronic and abusive.

58.     Mr. Manning's homelessness exacerbates his alcohol addiction and makes it nearly impossible for him to cease or mitigate alcohol consumption.

59.     Mr. Manning has sought alcohol treatment in the past and has been sober on several occasions for months-long stretches.  However, he has been unable to maintain his sobriety while homeless.

10

60.     Mr. Manning previously has worked in construction and in convenience stores. Being labeled a "habitual drunkard" has negatively impacted Mr. Manning's ability to maintain employment and a steady place to live.

61.     Mr. Manning is not able to receive medication for his panic attacks and pain management while incarcerated under the Interdiction Statute. This disruption in his receipt of medications contributes to Mr. Manning's inability to maintain sobriety.

62.     As a result of Mr. Manning's homelessness, Mr. Manning has repeatedly lost what few possessions he owns due to incarceration under the Interdiction Statute.

63.     Plaintiff **Ryan Williams** was interdicted on February 7, 2012, in the Circuit Court for the City of Roanoke. On this date, neither Mr. Williams nor counsel on behalf of Mr. Williams were present for the hearing. Mr. Williams, who is indigent, was not offered access to an attorney prior to the interdiction hearing.

64.     The order interdicting Mr. Williams makes it a crime for him to possess, consume or purchase alcohol in the Commonwealth of Virginia until the Circuit Court for the City of Roanoke "alters, amends or cancels" the order.

65.     Since his interdiction, Mr. Williams has been arrested and prosecuted at least twenty-five times under the Interdiction Statute.

66.     Mr. Williams is both homeless and suffers from alcohol use disorder.

67.     Mr. Williams's homelessness exacerbates his alcohol addiction and makes it nearly impossible for him to cease or mitigate his alcohol consumption.

68.     Mr. Williams, age 36, is a homeless individual residing in the City of Roanoke, Virginia and within the Roanoke Division of the Western District of Virginia.

11

69.     Mr. Williams has been homeless for the past fifteen years.  On most days, he stays on the streets.  In the past he slept in shelters.

70.     Being labeled an interdicted person has negatively impacted Mr. Williams's ability to maintain employment and a steady place to live. It also makes him feel subject to constant harassment and embarrassment.

71.     As a result of Mr. Williams's homelessness, Mr. Williams has repeatedly lost what few possessions he owns due to incarceration under the Interdiction Statute.

72.     Mr. Williams has participated in alcohol treatment programs and maintained sobriety intermittently.  He has been unable to maintain long-term sobriety.

73.     Mr. Williams suffers physical withdrawal symptoms such as shaking, dry-heaves, and increased blood pressure if he does not consume alcohol.

74.     Mr. Williams has been arrested and convicted under the Interdiction Statute for mere possession of alcohol.  On one occasion he was arrested under the Interdiction Statute for possession of alcohol while sleeping in a park bathroom; a beer can was found in the trash can and was attributed to Mr. Williams.

75.     Plaintiff **Richard Deckerhoff** was interdicted on August 21, 2009, in the Circuit Court for the City of Petersburg. On this date neither Mr. Deckerhoff nor counsel on behalf of Mr. Deckerhoff were present for the hearing. Mr. Deckerhoff, who is indigent, was not offered access to an attorney prior to the interdiction hearing.

76.     The order interdicting Mr. Deckerhoff makes it a crime for him to possess, consume or purchase alcohol in the Commonwealth of Virginia until the Circuit Court for the City of Petersburg "alters, amends or cancels" the order.

77.     Since his interdiction, Mr. Deckerhoff has been arrested and prosecuted at least eleven times under the Interdiction Statute in Petersburg, Colonial Heights and Richmond.

78.     Police have arrested Mr. Deckerhoff because they determined a beer can on the ground near Mr. Deckerhoff was in his constructive possession.

79.     Mr. Deckerhoff is both homeless and suffers from alcohol use disorder.

80.     Mr. Deckerhoff, age 59, is a homeless individual residing in the City of Richmond, Virginia.

81.     Mr. Deckerhoff's mother was a severe alcoholic and eventually died from alcoholism. She drank alcohol heavily in the home during Mr. Deckerhoff's childhood and encouraged him to drink alcohol from a young age. Mr. Deckerhoff began drinking regularly when he was twelve years old.

82.     Mr. Deckerhoff normally sleeps in the woods surrounding the City of Richmond.

83.     Mr. Deckerhoff's homelessness exacerbates his alcohol addiction and makes it nearly impossible for him to cease or mitigate his alcohol consumption.

84.     Mr. Deckerhoff suffers from a painful and debilitating nerve condition called cervical radiculopathy (pinched nerve), which causes sharp pain, tingling, and numbness in the areas served by the affected nerve.

85.     Mr. Deckerhoff's pinched nerve causes him constant, debilitating pain which affects his ability to function. The constant pain contributes to Mr. Deckerhoff's alcoholism because drinking is the only way accessible to him to relieve the pain.

86.     In the past, Mr. Deckerhoff received access to primary care services and treatment for his pinched nerve through Virginia Coordinated Care (VCC) an organization run by the

13

Medical College of Virginia at Virginia Commonwealth University.[2] Mr. Deckerhoff loses his membership in the VCC program every time he is incarcerated and has to reapply for the program when he is released. These interruptions in health services limit his access to the VCC program and delay treatment for his pinched nerve. He was scheduled to have surgery to alleviate his pinched nerve, but the surgery was cancelled due to his incarceration under the Interdiction Statute. Doctors have been unable to reschedule the surgery because of Mr. Deckerhoff's subsequent and frequent incarcerations under the Interdiction Statute.

87. As a result of Mr. Deckerhoff's homelessness, Mr. Deckerhoff has repeatedly lost what few possessions he owns due to incarceration under the Interdiction Statute.

88. Frequent incarcerations under the Interdiction Statute have caused Mr. Deckerhoff to lose relationships with his children and grandchildren.

89. Plaintiff **Richard Eugene Walls** was interdicted on June 12, 2012, in the Circuit Court for the City of Richmond. On this date, neither Mr. Walls nor counsel on behalf of Mr. Walls were present for the hearing. Mr. Walls, who is indigent, was not offered access to an attorney prior to the interdiction hearing.

90. The order interdicting Mr. Walls makes it a crime for him to possess, consume or purchase alcohol in the Commonwealth of Virginia until the Circuit Court for the City of Richmond "alters, amends or cancels" the order.

91. Since his interdiction, Mr. Walls has been arrested and prosecuted at least twelve times under the Interdiction Statute.

---

[2] "VCC is a program that coordinates healthcare services and provides access to primary healthcare for uninsured individuals" according to Virginia Commonwealth University's website. VCU HEALTH, http://www.vcuhealth.org/vcc (last visited Mar. 1, 2016).

92.     Mr. Walls has been incarcerated under the Interdiction Statute when empty beer cans were allegedly near him.

93.     Mr. Walls is both homeless and suffers from alcohol use disorder. He has been exposed to alcohol since infancy. His father was a moonshiner and regularly put moonshine into Mr. Walls's baby bottle.

94.     Mr. Walls's homelessness exacerbates his alcohol addiction and makes it nearly impossible for him to cease or mitigate alcohol consumption.

95.     Mr. Walls, age 47, is a homeless individual residing in the City of Richmond, Virginia.

96.     When he was incarcerated for violating the order of interdiction, Mr. Walls did not receive treatment for his alcoholism.

97.     While not incarcerated, Mr. Walls has had limited treatment for his alcoholism but has not been able to recover.

98.     Mr. Walls is limited in his ability to work due to an injury sustained at the age of fifteen, when his leg was caught in a hay rack and severely twisted well beyond the normal range of motion. As a result of this accident, Mr. Walls still suffers from pain in his leg and receives limited income from Social Security Disability Insurance (SSDI).

99.     Mr. Walls's SSDI income enables him to reside in motel rooms in the Richmond area for short periods of time, however, Mr. Walls sleeps outside most nights.  Mr. Walls has encountered difficulty securing permanent or long-term housing due to frequent incarcerations under the Interdiction Statute.

100.    As a result of Mr. Walls's homelessness, Mr. Walls has repeatedly lost what few possessions he owns due to incarceration under the Interdiction Statute.

15

## Named Defendants/Class Representatives

101.    Defendant Donald Caldwell is sued in his official capacity as Commonwealth's Attorney for the City of Roanoke, Virginia; an office authorized by Article VII, Section 4 of the Commonwealth's Constitution and the Virginia Code. Mr. Caldwell's duties include the prosecution of misdemeanor and felony cases occurring in the City of Roanoke. Through this function, Mr. Caldwell must ensure compliance with relevant Commonwealth laws, including the Interdiction Statute that criminalizes the status of Plaintiffs as homeless individuals suffering from alcohol use disorder.  As the Commonwealth's Attorney, Mr. Caldwell represents the interests of the people of Virginia and has the discretion as to whether a defendant should be prosecuted and, if so, how the case should be tried. Mr. Caldwell is a "person" within the meaning of 42 U.S.C. § 1983 and was acting under color of state law at all times relevant to this complaint.

102.    Defendant Michael Herring is sued in his official capacity as Commonwealth's Attorney for the City of Richmond, Virginia; an office authorized by Article VII, Section 4 of the Commonwealth's Constitution and the Virginia Code. Mr. Herring's duties include the prosecution of misdemeanor and felony cases occurring in the City of Richmond.  Through this function, Mr. Herring must ensure compliance with relevant Commonwealth laws, including the Interdiction Statute that criminalizes the status of Plaintiffs as homeless individuals suffering from alcohol use disorder.  As the Commonwealth's Attorney, Mr. Herring represents the interests of the people of Virginia and has the discretion as to whether a defendant should be prosecuted and, if so, how the case should be tried. Mr. Herring is a "person" within the meaning of 42 U.S.C § 1983 and was acting under color of state law at all times relevant to this complaint.

16

103.    Each Defendant, and those subject to their direction, supervision, and control, intentionally performed, participated in, aided and/or abetted in some manner the acts alleged here, proximately caused the harm alleged herein, and will continue to injure Plaintiffs irreparably if not enjoined. Accordingly, the relief requested herein is sought against each Defendant and all those similarly situated, as well as all persons under their supervision, direction, or control, including, but not limited to, their officers, employees, and agents.

## PLAINTIFF CLASS ALLEGATION

104.    Plaintiffs bring this suit as a class action on their own behalf and on behalf of all persons in Virginia who are homeless and who suffer from alcoholism and, by virtue of their condition, have been interdicted or live under the continuing threat of interdiction (collectively, "Plaintiffs").

105.    <u>Numerosity</u>: The proposed Plaintiff class is so numerous and geographically dispersed that joinder of all members of this Plaintiff class is impracticable.  The Virginia Department of Alcoholic Beverage Control keeps records that list the names of individuals reported[3] as interdicted under Va. Code § 4.1-333.  Those records, as of October 1, 2015, reflect that 1,220 individuals have been interdicted since 2007 in the Commonwealth of Virginia. Nine of these individuals were interdicted in the Circuit Court for the City of Richmond. One-hundred forty of these individuals were interdicted in the Circuit Court for the City of Roanoke.  As of August 2015, there were 4,743 convictions in the Commonwealth over the previous ten years for

---

[3] These records do not list the names of every individual reported as interdicted.  We are aware of interdicted individuals whose names did not appear on a Virginia Freedom of Information Act (VFOIA) request to the Department of Alcoholic Beverage Control (ABC) conducted well after the dates of those individuals' interdictions. The VFOIA response from the ABC included names of all interdicted individuals the ABC had on file at the time of the request. Therefore, either all interdictions are not reported to the ABC or ABC's interdiction records are incomplete.

Case 7:16-cv-00095-GEC   Document 1   Filed 03/03/16   Page 17 of 31   Pageid#: 17

possession or consumption of alcoholic beverages by interdicted persons pursuant to Va. Code 4.1-322. There are at least 846 "homeless" individuals in the City of Richmond and surrounding area and 390 homeless individuals in the City of Roanoke and surrounding area. The class also includes future members not yet known pursuant to Fed. R. Civ. P. 23(a)(1).

106. <u>Commonality</u>: There are questions of law and fact common to all Plaintiff class members, including whether a law that criminalizes alcohol possession, consumption or purchases for homeless persons who suffer from alcohol use disorder and labels those persons "habitual drunkards" in a non-criminal proceeding without heightened due process rights violates the Plaintiff class members' fundamental liberty interest as guaranteed by the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution, and/or violates the Plaintiff class members' Eighth Amendment guarantee against Cruel and Unusual punishment.

107. <u>Typicality</u>: The claims as asserted by the named Plaintiffs are typical of the claims of all members of the proposed Plaintiff class because the challenged Interdiction Statute applies with the same force to the named Plaintiffs as it does to all other members of the Plaintiff class. The entire Plaintiff class will benefit from the relief sought.

108. <u>Adequacy of Representation</u>: The named Plaintiffs will fairly and adequately protect the interests of the Plaintiff class. The named Plaintiffs all possess a strong interest in no longer having their non-volitional alcohol use effectively criminalized. They are represented by competent, experienced Counsel with federal constitutional litigation experience. Counsel has the legal knowledge and resources to fairly and adequately represent the interests of all class members in this action.

18

109.     This case may be maintained as a class action under Rule 23(b)(2) because, in enforcing a statutory scheme that effectively criminalizes non-volitional alcohol use, the Defendants have acted on grounds generally applicable to the class. Accordingly, final injunctive and declaratory relief is appropriate to the class as a whole.

## DEFENDANT CLASS ALLEGATION

110.     Plaintiffs also bring this action as a defendant class under Fed. R. Civ. P. 23(b)(2). Plaintiffs seek to certify a defendant class represented by Defendants Donald Caldwell, in his official capacity as Commonwealth's Attorney for the City of Roanoke, and Michael Herring, in his official capacity as Commonwealth's Attorney for the City of Richmond. The proposed defendant class consists of all Virginia Commonwealth's Attorneys with the authority to enforce the Interdiction Statute against homeless individuals suffering from alcoholism (collectively, "Defendant class").

111.     Numerosity: The number and geographic dispersion of defendant class members makes their joinder impractical. Pursuant to data collected by the Virginia Alcoholic Beverage Control, Commonwealth's Attorneys from at least 55 of Virginia's 133 cities and counties have enforced the Interdiction Statute since 2007. Members of the proposed Defendant class are located throughout the Commonwealth of Virginia geographically.

112.     Commonality: This suit poses questions of law and fact that are common to the proposed Defendant class representatives, Donald Caldwell and Michael Herring, and the proposed class members they would represent. These include whether the enforcement of the Interdiction Statute against homeless individuals suffering from alcoholism violates the Plaintiff class members' rights against cruel and unusual punishment under the Eighth Amendment to the

19

United States Constitution and to due process and equal protection under the Fourteenth Amendment.

113. <u>Typicality:</u> The defenses of Defendants Donald Caldwell and Michael Herring will be typical of the defenses of the proposed Defendant class. Donald Caldwell and Michael Herring, and all of the other members of the proposed class, operate under the same statutory framework. As Commonwealth's Attorneys, Donald Caldwell and Michael Herring have the authority to petition a city or county circuit court to interdict members of the plaintiff class. The defenses asserted by Donald Caldwell and Michael Herring will be based on legal and factual theories that are applicable to the entire proposed Defendant class.

114. <u>Adequacy of Representation:</u> Defendants Donald Caldwell and Michael Herring will fairly and adequately protect the interests of the proposed Defendant class. Their position as Commonwealth's Attorneys places them in the same position with respect to this challenge as all of the other Commonwealth's Attorneys in the proposed Defendant class. On information and belief, Donald Caldwell and Michael Herring have no interests antagonistic to or in conflict with the interests of other members of the proposed class and, as Commonwealth's Attorneys, they are qualified and competent to represent the Defendant class.

**FIRST CAUSE OF ACTION**

**<u>Cruel and Unusual Punishment</u>**
**<u>U.S. Const. Amend. VIII</u>**

115. Plaintiffs hereby incorporate all preceding paragraphs as if fully set forth herein.

116. Plaintiffs state this cause of action against Defendants in their official capacities for purposes of seeking declaratory and injunctive relief.

117. The Eighth Amendment to the United States Constitution, enforceable pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983, provides that "[e]xcessive bail shall not be

20

required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

118.    A statute criminalizing an addiction inflicts "cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments," because addiction is "an illness which may be contracted innocently or involuntarily." *Robinson v. California*, 370 U.S. 660, 666-67 (1962).

119.    The combination of the civil and criminal components of the Interdiction Statute effectively criminalizes Plaintiffs' addiction to alcohol, in violation of the Eighth and Fourteenth Amendments.

120.    Alcohol use disorder is an addiction that renders those who suffer from it unable to maintain sobriety without treatment or engaging in recovery activities.

121.    Plaintiffs suffer from alcohol use disorder. This disorder severely limits the Plaintiffs' ability to refrain from frequent alcohol consumption.

122.    Plaintiffs are also homeless.  This homelessness exacerbates their alcoholism.

123.    Plaintiffs frequently possess alcohol in public as a consequence of having both alcohol use disorder and no access to private space to drink alcohol.

124.    Plaintiffs either have been or are highly vulnerable of being accused of, and ultimately found to be, "habitual drunkards" in interdiction proceedings under Va. Code § 4.1-333 because being homeless and frequently inhabiting public spaces makes their drinking activity easily detected.

125.    Once found to be "habitual drunkards" under the Interdiction Statute, Plaintiffs' addiction virtually guarantees that Plaintiffs will violate Va. Code §§ 4.1-305 or  4.1-322, the components of the Interdiction Statute that criminalize possession or consumption of alcohol, even where there is no allegation of intoxication. Plaintiffs can violate the statute merely by

21

being found near or around alcohol by law enforcement officers or because officers find them to have alcohol on their breath. Plaintiffs are bound to be discovered engaging in these activities because they (1) are alcoholics that have a non-volitional compulsion to consume alcohol, and (2) are homeless and spend most of their lives in public.

126.    But for the "habitual drunkard" civil interdiction proceeding, Plaintiffs would not be at risk of criminal prosecution for possessing or consuming alcohol. Defendants nonetheless have pursued civil actions against Plaintiffs to label them "habitual drunkards" under Va. Code § 4.1-333. The inevitable consequence of these civil actions is that Plaintiffs are repeatedly arrested, convicted, and incarcerated under Va. Code §§ 4.1-305 or 4.1-322.

127.    In addition, the Interdiction Statute as applied to Plaintiffs is cruel and unusual within the meaning of the Eighth and Fourteenth Amendments because it is "grossly disproportionate to the severity of the crime." *Ingraham v. Wright*, 430 U.S. 651, 667 (1977).

128.    Any person found guilty of "public intoxication" under Va. Code § 18.2-388, a Class 4 misdemeanor, is subject to a fine only. Moreover, a guilty judgment under § 18.2-388 requires a showing of proof of intoxication.

129.    In contrast, once interdicted under the civil component of the Interdiction Statute, Plaintiffs face the punishment for a Class 1 misdemeanor of up to one year in jail if found guilty of mere possession or consumption of alcohol. This punishment may be imposed without any proof of intoxication.

130.    Punishment of Plaintiffs' status as homeless people addicted to alcohol is cruel and unusual punishment in violation of Plaintiffs' rights under the Eighth Amendment of the United States Constitution as incorporated in, and applied to the states through, the Fourteenth Amendment of the United States Constitution.

131.    Plaintiffs seek redress for Defendants' violation of their right to be free from cruel and unusual punishment.

## SECOND CAUSE OF ACTION

### Cruel and Unusual Punishment
### Virginia Const. Art. I, Sec. 9

132.    Plaintiffs hereby incorporate all preceding paragraphs as if fully set forth herein.

133.    Plaintiffs state this cause of action against Defendants in their official capacities for purposes of seeking declaratory and injunctive relief.

134.    Article I, Section 9 of the Constitution of Virginia provides "[t]hat excessive bail ought not to be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted …."

135.    Punishment of Plaintiffs' status as homeless individuals addicted to alcohol is cruel and unusual punishment in violation of Plaintiffs' rights under Article I, Section 9 of the Constitution of Virginia.

136.    Plaintiffs seek redress for Defendants' violation of their right to be free from cruel and unusual punishment.

## THIRD CAUSE OF ACTION

### Deprivation of Due Process
### U.S. Const. Amend. XIV

137.    Plaintiffs hereby incorporate all preceding paragraphs as if fully set forth herein.

138.    Plaintiffs state this cause of action against Defendants in their official capacities for purposes of seeking declaratory and injunctive relief.

23

139.    The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that "[n]o state shall…deprive any person of life, liberty, or property, without due process of law …." U.S. Const. amend. XIV, § 1.

140.    By enforcing the Interdiction Statute, Defendants substantially and directly interfere with Plaintiffs' liberty interests without providing adequate due process.

141.    The civil interdiction proceeding is a quasi-criminal proceeding in which Plaintiffs do not receive adequate due process protections.  For example, a person subject to a civil interdiction proceeding does not have the right to counsel or to a trial by jury, and the government is not required to prove all the elements of its case beyond a reasonable doubt.

142.    Interdiction creates an acute threat of criminal sanctions that particularly apply to Plaintiffs. When homeless alcoholics are interdicted under the civil component of the Interdiction Statute, they will almost inevitably be subject to incarceration under the criminal component of the statute because they spend most of their lives in public. Therefore, with respect to Plaintiffs, the state should afford criminal due process protections in the civil interdiction proceeding.

143.    In addition, unlike a common dispute between private parties, the Commonwealth Attorney's involvement in petitioning the city or county circuit court for interdiction gives rise to a constitutional duty and heightened due process requirements. *See Little v. Streater*, 452 U.S. 1, 9 (1981).

144.    Both the civil interdiction proceeding and criminal prosecution under the statute are initiated by the Commonwealth's Attorney.  To convict under Va. Code §§ 4.1-305 or 4.1-322, the Commonwealth must prove beyond a reasonable doubt that (a) the defendant is interdicted under Va. Code § 4.1-333, and (b) the defendant possessed, consumed or purchased

24

alcohol (or attempted to possess, consume or purchase alcohol). The facts undergirding the element required for the defendant to be interdicted are, at best, only required to be shown by the Commonwealth using a preponderance of the evidence standard in the prior civil proceeding. The statutory scheme in the Interdiction Statute thus seeks to free the Commonwealth of its burden to prove "beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970).

145. The Interdiction Statute violates Plaintiffs' due process rights under the Fourteenth Amendment to the United States Constitution.

146. Plaintiffs seek redress for Defendants' violation of their due process rights.

### FOURTH CAUSE OF ACTION

### <u>Deprivation of Due Process</u>
### <u>Virginia Const. Art. I, Sec. 11</u>

147. Plaintiffs hereby incorporate all preceding paragraphs as if fully set forth herein.

148. Plaintiffs state this cause of action against Defendants in their official capacities for purposes of seeking declaratory and injunctive relief.

149. Article I, Section 11 of the Constitution of Virginia provides "[t]hat no person shall be deprived of his life, liberty, or property without due process of law …."

150. The Interdiction Statute violates Plaintiffs' due process rights under Article I, Section 11 of the Constitution of Virginia.

151. Plaintiffs seek redress for Defendants' violation of their due process rights.

# FIFTH CAUSE OF ACTION

## Deprivation of Due Process for Vagueness
## U.S. Const. Amend. XIV

152.     Plaintiffs hereby incorporate all preceding paragraphs as if fully set forth herein.

153.     Plaintiffs state this cause of action against Defendants in their official capacities for purposes of seeking declaratory and injunctive relief.

154.     "The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983).

155.     As applied to Plaintiffs, the civil component of the Interdiction Statute finding Plaintiffs to be "habitual drunkards" is tantamount to a criminal conviction because Plaintiffs are virtually guaranteed to be found in violation of the criminal component of the Interdiction Statute as homeless alcoholics who are almost always in public. Therefore, the void-for-vagueness doctrine should apply to the civil interdiction proceeding.

156.     The Interdiction Statute fails to define what constitutes a "habitual drunkard."

157.     The Interdiction Statute gives full discretion to law enforcement and Defendants to determine when an individual has shown himself to be a habitual drunkard.

158.     The Interdiction Statute fails to provide any guidance to law enforcement to prevent arbitrary and discriminatory enforcement.

159.     The Interdiction Statute is unconstitutionally vague in violation of the Fourteenth Amendment to the United States Constitution.

160.     Plaintiffs seek redress for Defendants' violation of their due process rights.

26

## SIXTH CAUSE OF ACTION

### Deprivation of Due Process for Vagueness
### Virginia Const. Art. 1, Sec. 11

161.    Plaintiffs hereby incorporate all preceding paragraphs as if fully set forth herein.

162.    Plaintiffs state this cause of action against Defendants in their official capacities for purposes of seeking declaratory and injunctive relief.

163.    The Interdiction Statute is unconstitutionally vague in violation of Article I, Section 11 of the Constitution of Virginia.

164.    Plaintiffs seek redress for Defendants' violation of their due process rights.

## SEVENTH CAUSE OF ACTION

### Deprivation of Equal Protection
### U.S. Const. Amend. XIV

165.    Plaintiffs hereby incorporate all preceding paragraphs as if fully set forth herein.

166.    Plaintiffs state this cause of action against Defendants in their official capacities for purposes of seeking declaratory and injunctive relief.

167.    The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

168.    The Interdiction Statute subjects any interdicted person to a new crime: it is illegal to possess, consume or purchase alcohol (or attempt to possess, consume or purchase alcohol). This conduct is legal for non-interdicted persons. If convicted of this crime, interdicted persons can be incarcerated for up to one year in jail.

169.    Plaintiffs are interdicted and branded "habitual drunkards" in a civil proceeding in which they are not afforded due process protections such as trial by jury or the right to counsel,

27

and many Plaintiffs have been interdicted in absentia. Once interdicted, Defendants' prosecution of Plaintiffs for possession, consumption or the purchase of alcohol (or attempts thereof) under the Interdiction Statute subjects Plaintiffs to unequal treatment under the law for conduct that is otherwise legal and to incarceration that constitutes a deprivation of liberty, which is a fundamental right.

170.    Plaintiffs are homeless alcoholics, and the unequal application of these penalties is more acute for Plaintiffs than other interdicted persons. Plaintiffs suffer from compulsive and non-volitional impulses to drink alcohol and, as a result of their homelessness, spend the majority of their time in public spaces. As such, it is almost inevitable that interdicted homeless alcoholics will be incarcerated for possession, consumption or the purchase of alcohol.

171.    As applied to Plaintiffs, the provisions of the Interdiction Statute criminalizing possession, consumption or the purchase of alcohol (or attempts thereof) violates the guarantee of equal protection by depriving a fundamental right—freedom from incarceration—for conduct that is otherwise legal. "When the law lays an unequal hand on those who have committed intrinsically the same quality of offense and [deprives one of a fundamental right] and not the other, it has made as an invidious a discrimination as if it had selected a particular race or nationality for oppressive treatment." *Skinner v. State of Okla. ex rel. Williamson*, 316 U.S. 535, 541 (1942).

172.    Plaintiffs seek redress for Defendants' violation of their right to equal protection under the Fourteenth Amendment.

## EIGHTH CAUSE OF ACTION

### Declaratory And Injunctive Relief
### 28 U.S.C. §§ 2201 and 2202
### Federal Rules of Civil Procedure, Rules 57 and 65

173.    Plaintiffs hereby incorporate all preceding paragraphs as if fully set forth herein.

174.    This case presents an actual controversy because Defendants' present and ongoing denial of constitutional rights and protections to Plaintiffs subjects them to serious and immediate harms and warrants the issuance of a declaratory judgment.

175.    Named Plaintiffs seek injunctive relief on behalf of themselves and the Plaintiff Class to protect their constitutional rights and avoid the injuries described above. A favorable decision enjoining Defendants would redress and prevent the irreparable injuries to Plaintiffs identified herein, for which Plaintiffs have no adequate remedy at law or in equity.

176.    The Commonwealth will incur little to no burden in refraining from prosecuting homeless alcoholics for mere possession, consumption or the purchase of alcohol or (attempts thereof), whereas the hardship for Plaintiffs of being denied due process, equal protection, and to be free from cruel and unusual punishment is severe, subjecting them to an irreparable denial of their constitutional rights. The balance of hardships thus tips strongly in favor of Plaintiffs.

### PRAYER FOR RELIEF

WHEREFORE, in light of the foregoing, Plaintiffs respectfully request that the Court:

(a)     Assume jurisdiction over this matter;

(b)     Declare that the suit is maintainable as a plaintiff class action for similarly situated individuals pursuant to Fed. R. Civ. P. 23(a) and 23(b);

(c)     Declare that the suit is maintainable as a defendant class action against similarly situated individuals pursuant to Fed. R. Civ. P. 23(a) and 23(b);

29

(d)     Declare, pursuant to 28 U.S.C. §§ 2201 and 2202 and 42 U.S.C. § 1983, that Defendants' practice of enforcing the Interdiction Statute against homeless alcoholics violates the Due Process and Equal Protection clauses of the Fourteenth Amendment and the Eight Amendment's prohibition on Cruel and Unusual punishment;

(e)     Enjoin Defendants from enforcing the Interdiction Statute against Plaintiffs and others in the class of Plaintiffs that are both alcoholic and homeless;

(f)     Declare that Defendants' present, and threatened future, actions violate Plaintiffs' rights to due process of law under the United States and Virginia Constitutions;

(g)     Declare that the Defendants' present, and threatened future, actions violate Plaintiffs' rights to be free from cruel and unusual punishment under the United States and Virginia Constitutions;

(h)     Declare that the Defendants' present, and threatened future, actions violate Plaintiffs' rights to equal protection under the United States Constitution;

(i)     Grant Plaintiffs' costs of suit, reasonable attorneys' fees, and other expenses pursuant to 42 U.S.C. § 1988; and

(j)     Grant such other relief as the Court deems just and proper.


Dated:  March 3, 2016

Respectfully submitted,

| | |
|---|---|
| /s/ Mary Frances Charlton | /s/ Mark D. Young* |
| *Attorney for Plaintiffs* | *Attorney for Plaintiffs* |
| Virginia Bar Number: 85387 | Washington D.C. Bar Number: 943126 |
| Legal Aid Justice Center | Skadden, Arps, Slate, Meagher & Flom LLP |
| 1000 Preston Ave. Ste. A | 1440 New York Ave NW |
| Charlottesville, VA 22903 | Washington, DC 20005 |
| Phone: (434) 529-1839 | Phone: (202) 371-7680 |
| maryc@justice4all.org | mark.d.young@skadden.com |

/s/ Mary Bauer
*Attorney for Plaintiffs*
Virginia Bar Number: 31388
Legal Aid Justice Center
1000 Preston Ave. Ste. A
Charlottesville, VA 22903
Phone: (434) 529-1823
mary@justice4all.org

/s/ Maureen A. Donley*
*Attorney for Plaintiffs*
Washington D.C. Bar Number: 386219
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Ave NW
Washington, DC 20005
Phone: (202) 371-7570
maureen.donley@skadden.com

/s/ Erin Trodden
*Attorney for Plaintiffs*
Virginia Bar Number: 71515
Legal Aid Justice Center
1000 Preston Ave. Ste. A
Charlottesville, VA 22903
Phone: (434) 529-1816
erin@justice4all.org

/s/ Donald P. Salzman*
*Attorney for Plaintiffs*
Washington D.C. Bar Number: 479775
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Ave NW
Washington, D.C. 20005
Phone: (202) 371-7983
donald.salzman@skadden.com

/s/ Amy Walters
*Attorney for Plaintiffs*
Virginia Bar Number: 85680
Legal Aid Justice Center
1000 Preston Ave. Ste. A
Charlottesville, VA 22903
Phone: (434) 529-1833
amyw@justice4all.org

/s/ Theodore M. Kneller*
*Attorney for Plaintiffs*
Washington D.C. Bar Number: 978680
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Ave NW
Washington, DC 20005
Phone: (202) 371-7264
ted.kneller@skadden.com

* Motions for *Pro Hac Vice* Admission will be filed in accordance with W.D. Va. Civ. R. 6(d).